1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| JOHN FUNDINGSLAND, | Case No. 15-cv-01053-BAS-WVG |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 48)** |
| OMH HEALTHEDGE HOLDINGS, INC., | **AND** |
| Defendant. | **(2) DENYING MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 51)** |

11
12
13
14
15
16
17
18
19
20

     Presently before the Court are two motions by the parties to file documents

21 under seal. (ECF Nos. 48, 51.) The motions were filed with Defendant OMH

22 Healthedge Holdings, Inc.'s ("OMH") motion for summary judgment (ECF No. 47)

23 and Plaintiff John Fundingsland's opposition to the motion for summary judgment

24 (ECF No. 52). Both motions to seal are unopposed.

25

26 **I.     LEGAL STANDARD**

27      "[T]he courts of this country recognize a general right to inspect and copy

28 public records and documents, including judicial records and documents." *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Federal Rule of Civil Procedure 26(c), generally, provides the "good cause" standard for the purposes of sealing documents. *See Kamakana*, 447 F.3d at 1179. The test applied is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Under Rule 26(c), only "a *particularized showing* of 'good cause' . . . is sufficient to preserve the secrecy of sealed discovery documents[.]" *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added); *see also Kamakana*, 447 F.3d at 1180 (requiring a "particularized showing" of good cause). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, a blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *Beckman Indus.*, 966 F.2d at 476; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

## II.     ANALYSIS

### a.     OMH's Motion to Seal

In its motion to seal, OMH seeks leave to file under seal portions of and entire exhibits to Charles Pugh's Declaration. Specifically, OMH seeks to seal pages 4-6 and 10-11 of Exhibit 12 (OMH's Written Consent in Lieu of a Special Meeting of the Board of Directors); Exhibit 13 in its entirety (OMH's Series B Convertible Preferred Stock Purchase Agreement); and Section 7 and Exhibits A-D for Exhibit 16 (Expert Report of Richard A. Weintraub). Plaintiff does not oppose.

All of the documents (or portions of documents) that OMH seeks leave to seal relate to sensitive, non-public non-party financial information. OMH is a private

company and thus, OMH argues that its financial information contains sensitive and proprietary information relating to payments to non-parties investors, non-party salary and bonus information, and non-party ownership information. (ECF No 48 at 3.) OMH further argues that this information is private, and the non-parties have an expectation that this sensitive—sometimes personal—information would not become private. (*Id.*) Though sealing full pages in Exhibit 12 seems broad, the Court finds these pages contains information warranting sealing, and the majority of this exhibit remains public. Thus, OMH's reasoning appears to be consistent with the Court's assessment of the relevant exhibits.

Having reviewed OMH's requests, the Court finds that FRI provides compelling reasons to seal seal pages 4-6 and 10-11 of Exhibit 12, Exhibit 13, and Section 7 and Exhibits A-D for Exhibit 16. *See Kamakana*, 447 F.3d at 1179. Therefore, the Court **GRANTS** OMH's motion to file documents under seal. (ECF No. 48.)

### b. Plaintiff's Motion to Seal

In his motion to seal, Plaintiff seeks leave to file under seal his opposition brief to OMH's motion for summary judgment and two exhibits. (ECF No. 51.) Specifically, Plaintiff seeks to seal his entire opposition brief (ECF No. 52), as well as Exhibits 1 (an email) and 2 (financial spreadsheet).

Plaintiff states that he seeks to seal these documents only because these documents reference the documents in OMH's motion to seal. (ECF No. 51 at 1.) This explanation alone is insufficient to demonstrate that sealing the requested information is appropriate under the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179. However, the Court recognizes that OMH has the burden to show why Plaintiff's opposition brief and relevant exhibits should be filed under seal because OMH is the party seeking to prevent the disclosure of this information. Therefore, OMH must provide compelling reasons to the Court for sealing Plaintiff's

opposition brief and Exhibits 1-2. The Court anticipates that compelling reasons do not exist for sealing all of these documents in their entirety, and that rather applying redactions would be more appropriate.

## III. CONCLUSION

In light of the foregoing, the Court:

(1) **GRANTS** OMH's request to file documents under seal in ECF No. 48. The Clerk of the Court is directed to file the following exhibits under seal: ECF Nos. 49, 49-1, and 49-2; and

(2) **DENIES** Plaintiff's request to file documents under seal in ECF No. 51. The Clerk of the Court is not directed to file any documents under seal at this time.

If OMH wishes to file a renewed motion to seal for the denied requests relating to its information in Plaintiff's opposition brief and exhibits, it may do so no later than **April 13, 2018** after the issuance of this order. Otherwise, Plaintiff is instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **April 16, 2018** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual. Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

**IT IS SO ORDERED.**

**DATED:  March 27, 2018**

Hon. Cynthia Bashant
United States District Judge